IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| SARCO CREEK RANCH, LLC and WILLIAM PARMLEY, Plaintiffs, | § § § § | |
| vs. | § | Civil Action No. 6:14-cv-00013 |
| BRIDEY DUNN GREESON, MILTON S. GREESON, SARCO CREEK CATTLE CO., LLC, and SARCO CREEK LAND DEVELOPMENT, Defendants. | § § § § § § § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF DEFENDANTS' EXPERT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants Bridey Dunn Greeson, Milton S. Greeson, Sarco Creek Cattle Co., LLC (the "Cattle Co."), and Sarco Creek Land & Cattle Co., LLC ("Land & Cattle") (collectively, "Defendants"), by and through their attorneys of record, file this response to Plaintiffs' Motion to Exclude Testimony of Defendants' Expert, Robert M. Frank, Ph.D. ("Dr. Frank"). Plaintiffs' motion should be denied for the following reasons:

1. Defendants retained Dr. Frank as a testifying expert in this case, and produced his report (attached hereto as <u>Exhibit A</u>) to Plaintiffs in accordance with the Court's scheduling order (the "Frank Report"). The Frank Report and its

exhibits describe the research that Dr. Frank conducted[1], the results of that research[2], and his conclusions and opinions based on it.[3] In describing the research and the methodology used to compile it, the report notes that those methods are routinely used and relied upon by the USPTO, and the TTAB[4]. The Frank Report further describes Dr. Frank's experience and qualifications to conduct, evaluate, and assess the research described in the report.[5]

2. The admission of expert testimony is within the discretion of the trial court and subject to the Rules of Evidence.[6] Rule 702 guides the exercise of this discretion and provides that, subject to the trial court's assessment of the expert's qualifications – his or her knowledge, skill, experience, training, or education – expert testimony may be admitted if (i) the expert's specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (ii) the testimony is based on sufficient facts or data; (iii) the testimony is the product of reliable principles and methods; and (iv) the expert has reliably applied the principles and methods to the facts of the case.[7]

---

[1] Frank Report, <u>Exhibit </u>A, at 24-30
[2] Frank Report, 31-94, describing key results and outlining conclusions. Additionally, the Frank Report is accompanied by Exhibits B through D, compilations of the actual results of Dr. Frank's internet and online source research.
[3] Frank Report, 95-112; other conclusions and opinions are interspersed within the description of the research conducted.
[4] Frank Report, 28-31, citing Sections 710.01(a) and (b) of the Trade Mark Manual of Examining Procedure (the "TMEP"). The Frank report states in particular that, with respect to internet information, such "information follows an approach that is openly and consistently accepted by the USPTO and the TTAB for identifying and presenting information concerning the use of a mark and the way in which the public is using a term." Frank Report, at 31.
[5] Frank Report, 17-24; see also Dr. Frank's resume, attached as Exhibit A to the Frank Report.
[6] *See Sundance, Inc. v. Demonte Fabricating Ltd.* 550 F.3d 1356, 1363 (Fed. Cir. 2008)
[7] Rule 702, F.R.E.

3. In assessing a motion to exclude testimony under Rule 702, the court should consider whether the proposed expert witness (1) is qualified to offer opinion testimony under Rule 702, (2) has employed a reliable methodology, (3) proposes to offer opinions that follow rationally from the application of his knowledge, skill, experience, training, or education, and (4) presents testimony on a matter that is relevant to the case at hand, and thus helpful to the trier of fact.[8]

4. Plaintiff contends that certain portions of Dr. Frank's testimony as set forth in the Frank Report should be excluded because they are not reliable or helpful to the jury.[9] Paragraph 6, and paragraphs 9 through 15 of Plaintiffs' motion identify the portions of the Frank Report that Plaintiffs seek to exclude. Paragraphs 6 and 11 both identify the same portion of the Frank Report.

5. **Challenge to Summaries and Opinions 1 and 2.** Plaintiffs challenge Dr. Frank's assessment that Sarco is a town and that Sarco Creek is a body of water. In both cases, Plaintiffs argue that Dr. Frank "does not possess the experience or knowledge to render an opinion as to whether" Sarco is a town or Sarco Creek a body of water. While these contentions seem to challenge Dr. Frank's qualifications as opposed to the relevance or technical reliability of his opinion, Plaintiffs contend that a deficit in Dr. Frank's experience or knowledge –

---

[8] *Bone Care Int'l LLC v. Pentech Pharms., Inc.*, No. 08-CV-1083, not reported in F.Supp.2d, 2010 WL 3928598, 83 Fed. R. Evid. Serv. 1002 (N.D. Ill.), citing *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 151–153 (1999); *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997); and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589-593 (1993).
[9] See Plaintiffs' Memorandum in Support of Motion to Exclude Testimony of Defendants' Expert (hereinafter, "Plaintiff's Motion") at 1, paragraph 4.

specifically his lack of training in title examination and hydrology – results in his opinion being based on unreliable or insufficient data, and thus subject to exclusion.

      6.    **Challenge to 1 and 2 Should be Denied**. Dr. Frank does not opine as to the existence of a local government in Sarco, Texas or of a stream flow in Sarco Creek. Dr. Frank's opinion, as set forth in the Frank Report, is that Sarco and Sarco Creek are both geographic terms when used to refer to, respectively, a town and creek in Goliad County;[10] whether they are or not is relevant in this trademark case. Dr. Frank's expertise includes the conduct of research related to trademark law, and the Frank Report sets forth in great detail Dr. Frank's experience and knowledge in this field[11], the methods employed by him in the conduct of such research and the characteristics of those methods which support their broad acceptance as reliable[12], the acceptance of such methods by governmental bodies concerned with the administration of trademark law[13], the results and data generated by his research[14], and Dr. Frank's application of those results and data to the conclusions drawn[15]. Plaintiffs' Motion does not identify how, in any respect,

---

[10] Frank Report at 95-96
[11] Dr. Frank founded, operated, and later sold a commercial research firm that ultimately became specialized in the field of intellectual property research. *See* Frank Report at 17-20. Dr. Frank also has long been involved with the International Trademark Association. *Id.* at 21-24. That experience also included extensive service on a task force formed to analyze trends in the area of trademark fame. *Id*. at 77-78.
[12] Frank Report at 24-28.
[13] Frank Report at 28-31.
[14] Frank Report at 31-94; *see also* Exhbits B, C, and D to the Frank Report containing collected results of searches performed.
[15] Frank Report, 95-112.

the Frank Report's extensive documentation is deficient. It does not take issue with Dr. Frank's qualifications, the data, or the methodology that produced it. Plaintiffs argue only that (1) a title attorney advised them that Sarco lacks a government, and (2) Sarco Creek does not always run water. Plaintiffs have offered no substantive challenge to Dr. Frank's Summary and Opinion 1 or Summary and Opinion 2; their motion should therefore be denied.

7. **Challenge to Summary and Opinion 3.** Plaintiffs seek to exclude Dr. Frank's assessment that the federal registration of the SARCO CREEK RANCH mark was improper. As above, Plaintiffs conflate the concepts of qualification and reliability, arguing that because Dr. Frank is not a trademark examiner or trademark attorney, and because he did not review the TMEP[16], he is not qualified; and that because he is not qualified, his opinion in this regard is unreliable. Plaintiffs additionally charge that, in Summary and Opinion 3, Dr. Frank has stated a legal conclusion. Plaintiffs argue that because the TMEP describes what the examiner *ought to do*, it is beyond question what he or she *actually did*.

8. **Challenge to 3 Should be Denied.** The Frank Report contains an extensive description of Dr. Frank's experience and technical knowledge with

---

[16] Trademark Manual of Examining Procedures; *see* Note 4, *infra*. Though the acronym is not identified in Plaintiffs' Motion, it is in the Frank Report at 16, and is further cited by the report approximately a dozen times.

respect to trademark office procedures[17]. It further identifies and discloses the information that underlies his factual conclusions as to what the examiner of Plaintiffs' application actually did and what the examiner should have done. He explains why, in his opinion, if the TMEP had been followed, the Plaintiffs' application would have been rejected and registration denied,[18] giving a particularly apt example of a different examiner's response to a very similar application.[19] As above, Plaintiffs' point to no perceived infirmity in the methodology employed by Dr. Frank, the data he derived, or the conclusions he reached based on that data to support their conclusion of unreliability. Moreover, Dr. Frank's opinion that registration was improperly granted based on the materials he examined is a factual conclusion in this case, not a legal one. Whether the PTO did or did not act properly in evaluating Plaintiffs' application is itself not an ultimate issue in this case, but how and where it may have failed to do so are relevant facts capable of supporting the Defendants' contentions. The technical examination process of the PTO can be explained clearly by Dr. Frank, and his specialized knowledge can guide the fact-finder to an understanding of this evidence.

    9.    **Challenge to Statements in Summary and Opinions 4, 6, 7, and 8.**

Plaintiffs' Motion identifies specific passages in the Frank Report, and in each

---

[17] Frank Report, at 19-20.
[18] Frank Report, at 61-77.
[19] *See* discussion of application for registration of "Berrenda Creek" in Frank Report, at 62-67.

case, contends that the statements offer legal conclusions, and "suppl[y] the jury with no information other than how the verdict should be read."  With regard to the challenged passage from Summary and Opinion 4, Plaintiffs additionally contend that the "opinion is based on conjecture" and with regard to the challenged passage from Summary and Opinion 6, Plaintiffs complain that the "expert is making a leap to all services."

      10.    **Challenge to Statements in Summary and Opinion 4**.  The language in the Frank Report challenged by Plaintiffs appears in two passages as follows:

> *"The Plaintiffs' and Defendants' goods and services offered for sale to the public by their respective ranches are sufficiently different as to render it nearly impossible for a consumer to be confused (when "confused" is used in the context of trademark confusion).  The only "goods" the Defendants sell are cattle and "cutting" horses, neither of which are sold under the Sarco Creek Ranch brand although they may transport such livestock in one of their ranch's livestock trailers."* (Frank Report, at 12 and 96-97)

> *"It is my opinion that the primary services offered by the Plaintiff and the Defendant are so different that customer confusion is nearly impossible."* (Frank Report, at 13 and 98)

The gist of Dr. Frank's opinions are that the goods and services offered by Plaintiffs and Defendants are substantially different from one another.  To this extent, Dr. Frank's opinion is both purely factual and soundly based on the evidence examined.  In his report, Dr. Frank describes his examination of the pleadings and discovery, as well as the public sources of information on both

Plaintiffs and Defendants and their activities. Contrary to the claim that his conclusions are conjectural, Dr. Frank clearly relates in his report how, based on that examination, he reached the conclusion that the goods and services offered by the parties are substantially dissimilar.[20] Dr. Frank's conclusions are factual, not legal.[21]

11. **Challenge to Statement in Summary and Opinion 6.** Dr. Frank opines, based on the extensive and well documented online searches described in his report that the Defendants do not have a presence on the internet. In setting forth that opinion in his report, he states:

> *"There would be no purpose in such luring because the services offered by the Defendants (hunting) are not services that customers of the Plaintiffs seek. It is my opinion that all the claims about Defendants' Internet advertising, web sites, marketing, etc., are false, inaccurate, without foundation and misleading."* (Frank Report at 14 and 99)

Plaintiffs argue this language states a legal conclusion and supplies the jury with no information other than the witness's view of how the verdict should be read.

12. **Challenge to Statement in 6 Should be Denied.** As evidenced by his report, Dr. Frank's conclusion that references to the Defendants appearing on the internet are not the result of their own actions and that they simply do not use the internet to market any goods or services. He made this determination based on

---

[20] Frank Report at 82-85
[21] *Society of Financial Examiners v. National Ass'n of Certified Fraud Examiners Inc.*, 41 F.3d 223, 226, 33 (5th Cir. 1995) ("Indeed, both factual questions—whether CFE is generic and the existence of likelihood of confusion—pose a genuine issue of fact in this case.")

well documented research as described by the report.[22]  This is purely a factual determination, and one that will assist the jury, since it will not be able to perform such a search for itself.  Dr. Frank's characterization (as false, inaccurate, unfounded, or misleading) of the Plaintiffs' claims that Defendants are advertising and marketing their services online have only factual significance and do not give rise to any legal consequence in the case, thus they are not legal conclusions.  Similarly, Dr. Frank's statement that no purpose would be served by Defendants' using internet marketing to lure away Plaintiffs' customers is a factual conclusion based on the substantial differences in the goods and services offered by the parties, as previously documented in the Frank Report.[23] Plaintiffs' Motion fails to state a basis for exclusion of the identified statements.

13. **Challenge to Statement in Summary and Opinion 7.**  Plaintiffs challenge the following passage appearing in the Frank Report as stating a legal conclusion:

> *"It is my opinion that the Plaintiffs have not supplied sufficient evidence to support a claim that their Sarco Creek Ranch mark is either well known or famous."*

14. **Challenge to Statement in 7 Should be Denied.**  The Frank Report contains an extensive description of Dr. Frank's particular qualifications to address

---

[22] Frank Report, 35-42.  Among others, Dr. Frank conducted research designed specifically to answer the question of whether the Defendants owned or maintained an internet presence in the form of web pages or social media.  *See* Frank Report at 36-37.
[23] Frank Report at 82-84.

the issue of trademark fame.[24] Following that, the report refers to the extensive online and general news research of Plaintiffs' mark, and describes how the results of that research led him to conclude that there is a glaring lack of evidence in support of the Plaintiffs' contention that its mark is either well known or famous.[25] Whether Plaintiffs' mark is "famous" is a component of Plaintiffs' dilution claim, but the inquiry is inherently a fact-intensive undertaking, in which the court is directed to examine all relevant factors, including (i) the duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties; (ii) the amount, volume, and geographic extent of sales of goods or services offered under the mark; (iii) the extent of actual recognition of the mark; and (iv) whether the mark was registered.[26] Dr. Frank's research inquires particularly into factors (i) and (iii) from this statutory list.

15. **Challenge to Statement in Summary and Opinion 8.** Plaintiffs challenge the following passage appearing in the Frank Report as stating a legal conclusion:

> *"It is my opinion that there has been no consumer confusion (as envisioned and considered under the provisions of the Lanham Act) between the Plaintiffs use of Sarco Creek Ranch and the Defendants' use of Sarco Creek Ranch. Likewise, it is my opinion that there has been no dilution of the Defendants' Sarco Creek Ranch mark."*

---

[24] Frank Report at 77-78.
[25] Frank Report at 78-82
[26] Trademark Dilution Revision Act, 15 U.S.C. 1125(c)(2)(a).

16. **Challenge to Statement in 8 Should be Denied.** Dr. Frank's conclusions in Summary and Opinion 8 are based on an examination of the factual bases asserted by Plaintiffs as indicators of confusion, and they characterize those things – isolated incidents of package misdelivery or misidentification of trade accounts – as not the sort of customer confusion capable of supporting the Plaintiffs' claims. Such testimony will help the trier of fact differentiate between the sort of harmless and temporary uncertainty that necessarily arises sometimes between sellers of differing goods or services who share a similar name – Delta Airlines and Delta Faucets – and confusion that is capable of leading consumers to unknowingly patronize the wrong seller.[27]

WHEREFORE, Defendants ask the Court to deny Plaintiffs' Motion to Exclude Testimony of Defendants' Expert, Robert M. Frank, Ph.D., as well as that it grant Defendants such other and further relief as to which they may be justly entitled.

>Respectfully submitted,
>
>WALKER KEELING LLP
>120 S. Main St., Suite 500
>P.O. Box 108
>Victoria, TX 77902-0108
>(361) 576-6800
>(361) 576-6196 (FAX)

---

[27] Frank Report, at 41-42, discussing "Uline," a company that makes refrigerators and ice machines and "U-line," a company that sells packaging materials.

By: /s/ W. Lee Keeling
W. LEE KEELING
Attorney-in-Charge
Texas State Bar No. 11161420
S.D. Tex. I.D. No. 15791
*lkeeling@walkerkeeling.com*
JOHN H. H. BENNETT
Texas State Bar No. 24069369
S.D. Tex. I.D. No. 1409941
*jbennett@walkerkeeling.com*

ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFFS MILTON S. GREESON, BRIDEY DUNN GREESON, SARCO CREEK LAND & CATTLE CO., LLC, AND SARCO CREEK CATTLE CO., LLC

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was served on the following parties in accordance with the Federal Rules of Civil Procedure on this, the 23rd day of January, 2015:

LAW OFFICES OF DELPHINE M. JAMES
Delphine M. James
2616 South Loop West
Suite 415
Houston, TX 77054
Attorney for Plaintiffs/Counter-Defendants

/s/ W. Lee Keeling
W. Lee Keeling